UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STACY MCKINLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 3:13-cv-00883 |
| BANK OF AMERICA, RECONTRUST COMPANY, and GREEN TREE SERVICING, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## ~~INITIAL CASE MANAGEMENT ORDER~~ # 1

Pursuant to the Court's August 14, 2014, Order (Doc. 33), the parties hereby submit this joint proposed initial case management order.

### I. Jurisdiction and Venue

The Court has jurisdiction pursuant to 28 U.S.C. § 1332 and venue pursuant to 28 U.S.C. § 1391(a).

### II. Theory of the Case

#### A. Plaintiff's Theory of the Case

Plaintiff states that on December 19, 2009, she received a Notice of Foreclosure from the Recontrust Company as agent for Bank of America (BANA) with a foreclosure sale scheduled for January 19, 2010. Plaintiff further states that on or about December 21, 2009, she entered into a binding agreement with an agent in the Home Retention Department of BANA to modify her mortgage indebtedness. Plaintiff was provided with terms of said loan modification and accepted said terms, and Plaintiff's counsel was present during said discussion between

Plaintiff and BANA. The BANA agent stated that this agreement would serve to cancel the impending foreclosure sale scheduled for January 19, 2010. Plaintiff was instructed that BANA would forward via overnight delivery (in care of legal counsel) a packet of documents for Plaintiff to complete in order finalize said agreed loan modification. Said documents were never received by Plaintiff despite numerous and repeated requests. After Plaintiff failed to receive said loan modification documents from BANA, she filed suit in this cause, and the Wilson County Chancery Court issued a restraining order enjoining BANA and/or Recontrust Company from foreclosing on Plaintiff's real property at issue in this cause.

From January 2010 through the date this action was filed, BANA refused to allow Plaintiff to make any payments toward her mortgage indebtedness. On no less than five (5) occasions during the last four (4) years of pending litigation, BANA requested that Plaintiff fill out updated loan modification applications and provide supporting documentation, which Plaintiff will show she did on each occasion within the time deadlines required by BANA. Plaintiff relied to her detriment on BANA's numerous assertions that her loan modification was either being processed or had been approved. BANA acted fraudulently in its business practices and actions associated with Plaintiff's mortgage indebtedness.

BANA subsequently sold said mortgage indebtedness to Green Tree Servicing, LLC.

    **B.**  **BANA and ReconTrust's Theory of the Case**

BANA states that Plaintiff has failed to state a claim that would entitle her to relief.

Plaintiff defaulted on her loan, the loan was accelerated and demand made upon Plaintiff to pay the loan in full. BANA instituted foreclosure proceedings. In exercising its remedies to foreclose, BANA relied upon the terms of the deed of trust. The deed of trust provided that

N VAS01 1402533 v1
2016792-000006  08/27/2014

BANA could accelerate the loan and foreclose upon default. Plaintiff admits that she was in default under the terms of the loan.

On January 19, 2010, a foreclosure sale was set on the property located at 204 Stroud Drive, Lebanon, Tennessee. While Plaintiff asserts that she had loan modification discussions with BANA prior to the sale date, she does not establish that she was provided a loan modification and fails to include any documentation to evidence a loan modification by BANA. BANA further asserts that any delay in application for a loan modification is contributable solely to Plaintiff.

BANA asserts that Plaintiff's claim of fraud fails to meet the Rule 9(b) particularity requirements pursuant to the Federal Rules of Civil Procedure. Additionally, Plaintiff's claims of conversion and unjust enrichment are meritless and fail to state a claim upon which relief can be granted. Plaintiff concedes to being in default pursuant to the loan terms. As such, BANA's actions in setting a foreclosure sale were pursuant to the terms of the loan agreements. The loan agreements (i.e. the note and the deed of trust), clearly set out the rights and obligations of the parties. Those documents control the relationship between the parties. Plaintiff fails to establish that any agreement to the contrary was entered into between the parties.

Plaintiff's claim for a violation under the Tennessee Consumer Protection Act ("TCPA") fails as a matter of law. Plaintiff's allegations follow BANA's institution of a foreclosure proceeding on Plaintiff's property. It is well established that the TCPA does not apply to foreclosure proceedings. Further, the TCPA does not apply to discussions surrounding the credit terms of a transaction—i.e. a loan modification. As such, Plaintiff has failed to set forth any facts that would fall under the TCPA.

BANA relied upon the loan documents and exercised its rights under the deed of trust to institute foreclose. Plaintiff has conceded that she was in default, as such, any such sale date was appropriate. Additionally, no sale has been held to date and Plaintiff is still in possession of the property. Regardless of any so-called theories by the Plaintiff, she has no damages and cannot recover.

Recontrust states that Plaintiff has failed to state a claim that would entitle her to relief.

Plaintiff fails to allege any individual allegations against ReconTrust. ReconTrust was the appointed substitute trustee for the foreclosure sale set on January 19, 2010. As a substitute trustee, ReconTrust is entitled to rely upon information from the secured party in instituting foreclosure proceedings. Other than reference to purported discussions with "BANA and ReconTrust" there are no allegations that establish ReconTrust did not act in good faith or that ReconTrust did anything but seek to fulfill its role as appointed substitute trustee in setting the January 2010 foreclosure sale.

### C. Green Tree Servicing, LLC's Theory of the Case

Green Tree Servicing, LLC was assigned the mortgage servicing rights to the BANA loan in early 2013. Green Tree sought to exercise its right to payment as the mortgage servicer under the loan documents since that time. No litigation nor Order has been entered against Green Tree in connection with Plaintiff or the default on her loan.

Plaintiff has failed to state any factual allegations or claims for relief under any theory against Green Tree other than that Green Tree should be restrained from exercising its rights to payment and/or foreclosure under the terms of the loan documents.

III. **Existing Issues and Additional Claims**

  A. **Issues Resolved and in Dispute**

  With the exception of jurisdiction and venue, all matters remain in dispute.

  B. **The Need for Additional Claims**

  N/A.

IV. **Schedule of Pretrial Briefings**

  A. **Rule 26(1a)(1) Disclosures**

  If not previously completed, the parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from entry of this Order.

  B. **Meeting of Counsel and Parties to Discuss Settlement Prospects**

  As noted in the Court's Orders (see Docs. 23, 24, 26, 27, 29, and 33), Plaintiff has been attempting to obtain new financing for her loan. As disclosed during the status conference on August 13, 2014, however, Plaintiff's counsel disclosed that Plaintiff had been unable to obtain such financing and that, accordingly, Plaintiff has decided to sell the home.

  Settlement remains a possibility at this stage.

  C. **Witnesses Known (subject to supplementation by each party)**

  The parties' witnesses shall be those listed in their Rule 26(a)(1) Initial Disclosures and any subsequent discovery responses. This information shall be supplemented in accordance with the Federal Rules of Civil Procedure and any further orders of this Court.

N VAS01 1402533 v1
2016792-000006  08/27/2014

## V. Discovery

(a) The parties shall complete all written discovery and depose all fact witnesses on or before February 2, 2015. Written discovery shall be propounded so as to allow sufficient time for completion by the foregoing deadline. Any discovery-related motion regarding the foregoing shall be filed by February 16, 2015.

(b) In the event expert testimony is necessary, the Plaintiff shall identify and disclose all expert witnesses and reports on or before February 2, 2015. The Defendants shall identify and disclose all expert witnesses and reports on or before March 2, 2015. Discovery relating to experts and the disclosure of rebuttal experts shall be completed as set forth in the contemporanous order. Any discovery motion regarding experts shall be filed by April 16, 2015.

(c) Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

## VI. Dispositive Motions

All dispositive motions shall be filed by May 1, 2015. Any responses shall be filed within 21 days of the motion filing, and any replies shall be filed within 14 days of the response filing.

## VII. Other Deadlines

(a) The parties do not anticipate the need for discovery of electronically stored information ("ESI"). If such discovery is needed, however, the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information," entered July 9, 2007, should apply.

(b) Any motions to amend the pleadings shall be filed by November 3, 2014.

N VAS01 1402533 v1
2016792-000006  08/27/2014

**VIII. Subsequent Case Management Conferences**

The matter shall be set for a subsequent case management conference on October 30, 2014, at 11:00 a.m., by telepheone.

**IX. Length of Trial**

The parties anticipate that the trial of this matter will last 2 days. It is recommended that the trial be set no earlier than September 15, 2015.

IT IS SO ORDERED.

Entered this the ___ day of August, 2014.

                                              _____
                                              JUDGE

N VAS01 1402533 v1
2016792-000006  08/27/2014

APPROVED FOR ENTRY:


/s/ Klint Alexander_____
Klint W. Alexander (#20420)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Nashville, TN 37201
T: 615.726.5600
F: 615.726.0464
E-mail: kalexander@bakerdonelson.com

*Attorney for Defendant Green Tree Servicing LLC*



/s/ Talor Bearman  by Klint Alexander w/ permission_____
Talor Bearman (#31969)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone:  (615) 252-2347
Facsimile:   (615) 252-6347
tbearman@babc.com

*Attorneys for Defendants Bank of America, N.A.
and ReconTrust Company*



s/ Jennifer Porth  by Klint Alexander w/ permission_____
Jennifer Porth (#26537)
J STEPHEN BROWN, P.C.
PO Box 792
Lebanon, Tennessee 37088
Telephone:  (615) 444-3299
Facsimile:   (615) 444-5590
jsbrown_atty@hotmail.com
jennifer@jstephenbrown.com

*Attorneys for Plaintiff*

N VAS01 1402533 v1
2016792-000006  08/27/2014

# CERTIFICATE OF SERVICE

      I hereby certify that, on August 27, 2014, I caused a copy of the foregoing Joint Proposed Scheduling Order to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Talor Bearman, Esq.
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203

*Attorneys for Defendants Bank of America, N.A.
and ReconTrust Company*

Jennifer Porth, Esq.
J STEPHEN BROWN, P.C.
PO Box 792
Lebanon, Tennessee 37088

*Attorneys for Plaintiff*

                                          **BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

                                        By:     <u>Klint Alexander</u>
                                                         Attorney